UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61870-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN F. O'DONNELL, JILL A. O'DONNELL,
and JP MORGAN CHASE BANK, N.A., as
successor by merger to Washington
Mutual Bank,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO DISMISS CROSS-CLAIMS**
**ORDER DENYING MOTIONS TO EXTEND PRETRIAL DEADLINES**
**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant JP Morgan Chase Bank's Motion to Dismiss Cross-Claim of Jill A. O'Donnell [DE 32], Defendant JP Morgan Chase Bank's Motion to Dismiss Cross-Claim of John F. O'Donnell [DE 33], the O'Donnell Defendants' Response [DE 34],[1] JP Morgan Chase's Motion and Amended Motion to Continue Deadline to Complete Fact Discovery [DE's 44 and 46], Defendant Jill O'Donnell's Motion to Adopt Co-Defendant John F. O'Donnell's Reply to the Answer and Affirmative Defenses of Co-Defendant, JP Morgan Chase [DE 49], and the O'Donnell Defendants' Unopposed Motions for an Extension of Time to File a Response to Plaintiff's Motion for Summary Judgment [DE 54 and 56].  The Court has carefully considered the motions and is otherwise fully advised in the premises.

---

[1] JP Morgan Chase did not file a reply memorandum in support of either motion.

I.  BACKGROUND

This action involves the United States' attempt to reduce the O'Donnell Defendants' tax liabilities to judgment and to foreclose the federal tax liens on real property owned by the O'Donnells.  Plaintiff's Complaint alleges claims to reduce both O'Donnell Defendants' joint tax liabilities for tax years 1998 through 2004 to judgment in the amount of $216,926.93 (Count I); to reduce John O'Donnell's tax liabilities for tax years 2005 through 2007 to judgment in the amount of $124,518 (Count II), and to foreclose the federal tax liens for years 1998 through 2007 on the real property located at 2648 NE 26th Place, Fort Lauderdale, Florida, owned by the O'Donnells with a mortgage purportedly held by Defendant JP Morgan Chase Bank ("JP Morgan").

In addition to filing Answers to the Complaint [DE's 20 and 21], the O'Donnell Defendants each filed Cross-Claims against JP Morgan, essentially seeking a declaratory judgment that JP Morgan never lent them money nor that it possesses any lawfully protected mortgage on the subject property.  JP Morgan has moved to dismiss the cross-claims for failure to state a claim.

II.  DISCUSSION

**A.  Motion to Dismiss Cross-Claim**

In deciding on JP Morgan's motions to dismiss the O'Donnells' cross-claims, the Court uses the same standard as the Supreme Court stated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  To survive a motion to dismiss for failure to state a claim, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

2

the complaint are true (even if doubtful in fact)." 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556 (citation omitted). Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

JP Morgan asserts that the O'Donnells have merely stated a denial of JP Morgan's affirmative defenses to the Government's Complaint and have not stated a claim for relief.[2] JP Morgan contends that the O'Donnells have merely put forth a cross-claim to further delay the proceedings in both this Court, and in related foreclosure proceedings brought by JP Morgan against the O'Donnells in state court. JP Morgan asks this Court to not only dismiss the cross-claims but punish at least Jack O'Donnell (an attorney himself) for vexatiously extending the proceedings by filing the cross claim.

The O'Donnells oppose the motion to dismiss, arguing that the cross-claims were the only available mechanism by which to bring to the Court's attention the deficiency in

---

[2] Because both the cross-claims of Jack O'Donnell and Jill O'Donnell and the motions to dismiss are the same, the Court will discuss both motions and cross-claims together.

JPMorgan's position. The O'Donnells correctly note that a cross claim is permissible under Rule 13 of the Federal Rules of Civil Procedure. Since the O'Donnells concede that Plaintiff (the United States) is going to prevail on its claims against the O'Donnells in some amount, likely resulting in a sale of the subject property, a determination of the dispute between JP Morgan and the O'Donnells is likely necessary if the house sells for more than is owed to the Government.[3] The only available method for the O'Donnells to receive affirmative relief against a co-defendant is to file a cross-claim.

The relief sought by the O'Donnells is in the nature of a declaratory judgment in that they "request that this Court determine that Defendant Bank does not presently possess any lawfully protected lien, or other interest, of any type with respect to the subject property. . . ." Cross-Claim (wherefore clause) [DE's 30 and 31]. Although it is harder to apply the Twombly and Iqbal standards to a declaratory judgment action seeking to prove a negative, the O'Donnells have put forth sufficient factual allegations to raise their claims to the plausible level. For example, the cross-claims assert that the O'Donnells never granted a mortgage nor signed a promissory note to JP Morgan. Id., ¶¶ 10-11. The Defendants allege that JP Morgan never lent them money. Id., ¶ 9. Whether these claims are doubtful or not, they are plausible and specific enough to survive a motion to dismiss.

---

[3] The O'Donnells assert that all state court litigation was either settled or dismissed.

### B.  Motion for Extension of Pre-Trial Deadlines

JP Morgan moved for extension of all pretrial deadlines.  Though the motion is unopposed, JP Morgan essentially seeks a stay of discovery while the Court decided the motions to dismiss the cross-claims.  Such a stay is outside the normal proceedings of civil cases in this Court.  The parties typically must continue to follow the pre-trial deadlines absent specific direction from this Court or some statutory basis for a stay of discovery.  In this case, JP Morgan apparently decided not to conduct discovery with regard to the O'Donnells' cross-claims, hoping that the Court would dismiss those claims.  The Court concludes that JP Morgan has not shown good cause to warrant an extension of the pretrial deadlines.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant JP Morgan's Motion to Dismiss Cross-Claim of Jill A. O'Donnell [DE 32] is hereby **DENIED**;

2. Defendant JP Morgan's Motion to Dismiss Cross-Claim of John F. O'Donnell [DE 33] is hereby **DENIED**;

3. JP Morgan shall file an answer to the Cross-Claims by August 11, 2010;

4. JP Morgan's Motion to Continue Deadline to Complete Fact Discovery [DE44] is hereby **DENIED as moot**;

5. JP Morgan's Motion to Amend Motion to Continue Deadline to Complete Fact Discovery [DE 46] is hereby **DENIED**;

6. Defendant Jill O'Donnell's Motion to Adopt Co-Defendant John F. O'Donnell's Reply to the Answer and Affirmative Defenses of Co-Defendant, JP Morgan [DE 49] is hereby **DENIED as moot**, as she has now filed her own Reply at docket entry 55;

7. The O'Donnell Defendants' Unopposed Motions for an Extension of Time to File a Response to Plaintiff's Motion for Summary Judgment [DE 54 and 56] are hereby **GRANTED**;

8. Both Jack F. O'Donnell and Jill O'Donnell shall have until August 9, 2010 to respond to Plaintiff's Motion for Summary Judgment [DE 45].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of July, 2010.

_____
JAMES I. COHN
United States District Judge

cc: All parties and counsel of record